[Griffin *et al.* v. Randolph County.]

# Griffin *et al. v.* Randolph County.

*Action by County upon Bond given for the Hire of County Convicts.*

1. *Action by county on bond for hire of county convicts; sufficiency of plea.*—In an action by a county upon a bond given to secure the faithful performance of a contract for the hire of its convicts, a plea which avers that the bond sued on is invalid, upon the ground that at the time of its execution the hirer of said convicts "did not at that time have for hire or otherwise fifty convicts as required by section 4476 of the Criminal Code," is defective and subject to demurrer.

2. *Same; same.*—In such a case, a plea which avers that the bond is void because at the time of its execution the defendant had hired less than fifty State and county convicts, and that the convicts for the hire of which said bond was given, were to be worked outside of said county, is defective and subject to demurrer.

3. *Contract for hire of county convicts; when not violative of statute; sufficiency of plea.*—Where a contract is made for the hire of all of the county convicts of a particular county, which are to be worked outside of the county, such contract is not, in its terms or on its face, in violation of the provision of the statute which prevents the hiring of less than fifty convicts to any one person, (Code, § 4476); and in an action to recover for the breach of a bond given to secure the performance of said contract, a plea which sets up that the contract was in violation of said section, but does not aver that it was for the hiring of less than fifty convicts, is entirely defective.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. N. D. DENSON.

This action was brought by Randolph County against the appellant, T. B. Griffin, and the sureties on a bond given by him for the hire of county convicts.

In the complaint the plaintiff averred that on February 14, 1898, a bond was executed by the defendants

which was conditioned for the faithful performance of all that was required of T. B. Griffin in a contract entered into between him and the hard labor agent of Randolph county, by which he hired the convicts of Randolph county for a term of one year beginning on the 14th of February, 1898. It was then averred in the complaint that a regular order was passed by the commissioners court of Randolph county binding one R. H. Harris as hard labor agent of Randolph county to hire out the county convicts of said county and authorizing him to hire out said convicts for a term of one year, to T. B. Griffin, to work on his farm in Tallapoosa county, Ala. The complaint then continued as follows: "And plaintiff further alleges that there has been a breach in the condition of said bond in this, that the defendant, T. B. Griffin, did on the 14th day of February, 1898, contract in writing with said R. H. Harris, who was the duly authorized agent of the court of county commissioners of said county, to make said contract for the hire of convicts who had been or who might thereafter, between the 14th day of February, 1898, and the 14th day of February, 1899, be sentenced to hard labor for said county at the rate of three and 50-100 dollars per month for each of said convicts, said hire to become due and be paid semi-annually, to-wit, on the 30th day of June and 31st day of December; said contract to terminate on the 14th day of February, 1899; and defendant, T. B. Griffin, further agreed in said contract that if default should be made in the payment of said hire or in any other payment required by the same, and suit to recover the same should be instituted, twenty per cent. damages should be added to the amount of such default, and be recoverable as a part thereof; and plaintiff alleges that said bond was executed in consideration of said contract and to secure the faithful performance of the same by said T. B. Griffin, and plaintiff alleges that in accordance with the stipulations of said contract. plaintiff delivered to said T. B. Griffin, a large number of convicts, to-wit, eight (8) convicts, and has in all other respects complied with the requirements of said contract; but plaintiff alleges that the conditions

of said bond have been breached in this, that there was due from defendant, T. B. Griffin, to plaintiff, on the 31st day of December, 1898, for the hire of said convicts so delivered to him under the said contract prior to that time, the sum of ninety-two and 75-100 dollars, which said sum with the interest thereon, and the penalty of twenty per cent. thereon, as above specified, is still due and unpaid." There were two other breaches of the bond complained of.

To this complaint the defendant filed the following pleas: "1st. That the allegations contained in said complaint are not true. 1 1-2. Said bond is void for want of consideration. 2d. That the defendants have paid the demand for the recovery of which this suit was brought before the action was commenced. 3d. That said bond is void and not enforceable because when said bond was executed said convicts were hired to defendant, T. B. Griffin, to be worked by him in Tallapoosa county, Alabama, and said defendant, T. B. Griffin, did not at that time have for hire or otherwise fifty convicts as required by section 4476 of the criminal code of Alabama of 1896. 4th. That said bond is void for this, that at the time the same was executed the defendant, T. B. Griffin, had hired less than fifty State and county convicts, and the convicts for the hire of which said bond was executed were convicts of Randolph county, Alabama, when said bond fixed the place of employment for said convicts in Tallapoosa county, Alabama." The 5th plea is sufficiently set forth in the opinion. "6th. That the bond sued on was not made in pursuance of law, but in contravention thereof."

To the 3d, 4th and 5th pleas the plaintiff demurred upon the following grounds: 1. Said pleas do not show that the contract therein mentioned is in violation of the public statutes, but only states facts tending to show a violation of the statute on the part of the defendant. 2d. Said pleas do not deny that the defendant Griffin, received the benefit of the contract as alleged in the complaint. 3d. Said pleas do not deny that the contract described in the complaint is an executed contract on the part of the plaintiff.

[Griffin *et al.* v. Randolph County.]

To the 6th plea the plaintiff demurred upon the following ground:    That said plea stated no facts showing that the contract sued on was not made in pursuance of law, but states merely a conclusion of the pleader.

Demurrers to the 3d, 4th, 5th and 6th pleas were sustained, and issue was joined on the remaining pleas.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the court in sustaining the demurrers to the 3d, 4th, 5th and 6th pleas.

OLIVER & OVERTON, and THOS. L. BULGER, for appellants.—Contracts are held to be vitiated *in toto* when they contravene a penal statute, and when the enforcement thereof would be in derogation of sound principle necessary to uphold the supremacy of the law.—*Turner v. Bank*, 28 Ala. 469; *Youngblood's case,* 95 Ala. 521; *Moog v. Hannon,* 93 Ala. 503.

No plaintiff can recover when he requires aid from an illegal transaction in order to establish his cause of action.—*The State for the use, etc., v. Metcalfe,* 75 Ala. 42; *Arrington v. Morgan,* 75 Ala. 606.

B. B. & W. H. BRIDGES, *contra.*—Where a party has accepted and made his own the benefits of a contract, he has estopped himself from denying in the courts, the validity of the instrument by which these benefits came to him.—2 Parsons on Contracts, 790; *Trammell v. Lee County,* 94 Ala. 194.

A party to a contract receiving the benefits thereof cannot avail himself of his own violations of the law to avoid his contract.—*Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 538.

DOWDELL, J.—The action in this case was brought by the County of Randolph on a bond for the hire of county convicts. Judgment was rendered for the plaintiff, from which the defendants appeal. No bill of exceptions was reserved on the trial, and the only question is the one presented on the record upon the ruling of the court below on demurrers to the pleas. The de-

murrers which were sustained were interposed to the 3d, 4th, 5th and 6th pleas.

The complaint sets out the contract of hire, which is the foundation of the suit. The contract on its face in no sense contravenes any provision of section 4476 of the Criminal Code. It is not denied that the defendant Griffin, the hirer of the convicts in question, received the benefits of the hire of said convicts under the contract. Indeed, none of the allegations of the complaint are denied, but the defendants seek to avoid payment of the hire, by setting up the invalidity of the contract under which the defendant Griffin, derived benefits. The 3d plea alleges the invalidity of the bond sued on to rest upon the fact as averred in said plea, that when said bond was executed, "the defendant Griffin did not at that time have for hire or otherwise fifty convicts as required by section 4476 of the Criminal Code." This plea is so palpably defective in averment as showing the contract to have been made in violation of any of the provisions of section 4476, as to need no comment. The most that can be said of it is, that it invokes as a defense his, Griffin's, own violation of the statute in not keeping fifty convicts at one prison. The 4th plea is likewise defective in lack of averments showing the contract to have been made in violation of said section of the Code.

The 5th plea, after averring in general terms that the bond is void, proceeds to set out the statute, section 4476 in full, and then alleges as a ground of the invalidity of the bond, "because said convicts mentioned in said bond were convicts of Randolph county, Alabama, and said bond was executed for the hire of said convicts in order that they might be worked in Tallapoosa county, Alabama, to a person, the defendant, T. B. Griffin, who at that time and during the entire time that said bond was in force, and also during the time that each and every convict so received by said defendant T. B. Griffin, and worked and kept by him from said Randolph county, said T. B. Griffin did not have hired including said convicts from Randolph county, Ala-

bama, fifty State or county convicts," etc.   The plea is fatally defective in not averring that the contract was for the hire of less than fifty convicts.   The contract is for the hire of all of the county convicts of said county, within a period mentioned in the contract, and no number is specified.   It cannot, therefore, be said that the contract in its terms, or on its face, is in violation of the provision of the statute against the hiring of less than fifty convicts to any one person.   The court committed no error in its ruling on the demurrers to the pleas.

In what we have said above in regard to the defects of the pleas, we are not to be understood as deciding that section 4476, has any application to contracts for the hire of county convicts.   The decision of this question is not called for in this case.   Our holding is, that even conceding that the statute applies to contracts for the hire of county convicts, the pleas are bad and subject to the demurrer.   Nor are we to be understood as intimating in what we have said, that the hirer of convicts can in any case take advantage of the provisions of section 4476 of the Criminal Code, to defeat a recovery when sued for the hire of convicts.

Affirmed.